# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GILBERTO BENZ PUENTE,

Plaintiff,

v.

NAVY FEDERAL CREDIT UNION,

Defendant.

CASE NO. [ ]

## COMPLAINT

## INTRODUCTION

Plaintiff, Gilberto Benz Puente (hereinafter "Plaintiff"), by and through this Complaint, alleges as follows against Navy Federal Credit Union ("Defendant"):

## JURISDICTION AND VENUE

**1**. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity jurisdiction), and 15 U.S.C. § 1692k(d) (Fair Debt Collection Practices Act).

**2**. Venue is proper in this district under 28 U.S.C. § 1391(b) as Defendant conducts substantial business within this district and the events giving rise to this Complaint occurred here.

## PARTIES

**3**. Plaintiff is a resident of Pennsylvania, residing at 1401 Pershing Blvd, Reading, PA 19607.

**4**. Defendant is Navy Federal Credit Union, a financial institution headquartered at 820 Follin Ln SE, Vienna, VA 22180, and engaged in providing loans and related services nationwide.

## FACTUAL ALLEGATIONS

**A. Background of Loan Transaction and Correspondence**

**5**. Plaintiff entered into a vehicle loan agreement with Defendant under account number 43001604732986.

**6**. Plaintiff provided Defendant with a promissory note as consideration, which was later leveraged or monetized by Defendant for its own benefit. Plaintiff asserts this note constitutes a trust corpus under principles of equity and trust law.

**7**. On December 19, 2024, Plaintiff issued a Notice of Trust, Special Deposit, and Notice of Subrogation to Defendant, asserting Plaintiff's beneficial interest in the trust corpus and demanding full disclosure and fiduciary accountability. Defendant failed to respond.

**8**. On the same date, Plaintiff issued a Billing Error Dispute and Request for Accounting under UCC § 9-210, the Fair Credit Billing Act (15 U.S.C. § 1666), and the Truth in Lending Act (15 U.S.C. § 1601 et seq.). Defendant failed to provide the requested documentation, including the original promissory note, proof of consideration, an accurate itemization of payments, and an accounting of the alleged obligation.

**9**. On January 7, 2025, Plaintiff sent a Final Notice and Opportunity to Cure, demanding compliance with federal laws, including the Fair Credit Billing Act (15 U.S.C. § 1666) and the Truth in Lending Act (15 U.S.C. § 1635, 1666c), as well as equitable principles. Defendant failed to cure, respond, or remove improper credit reporting of a late payment during the active billing dispute.

**10**. Plaintiff tendered payment to Defendant to effectuate a full setoff of the alleged obligation, fulfilling Plaintiff's performance under the contract. Plaintiff asserts that this tender of payment constitutes full compliance and performance under the terms of the agreement. Defendant failed to honor the tender of payment, failed to apply it as a setoff, and failed to perform its obligations under the contract.

**B. Violations and Failures by Defendant**

**11**. Defendant improperly reported a late payment to credit agencies during an active billing dispute, violating the Fair Credit Billing Act (15 U.S.C. § 1666a). Specifically, Defendant failed to cease collection efforts and adverse reporting as required under FCBA.

**12**. Defendant failed to provide true evidence of debt, including the original promissory note, chain of title, and proof of consideration, in violation of UCC § 9-210 and principles of equity.

**13**. Defendant violated the Truth in Lending Act by:

   a. Failing to provide accurate disclosures of the loan's terms under 15 U.S.C. § 1638;

   b. Misapplying or failing to properly credit payments as required under 15 U.S.C. § 1666c;

   c. Failing to resolve billing disputes within the statutory time frame as mandated by 15 U.S.C. § 1666;

   d. Failing to disclose Plaintiff's right to rescind the loan, if applicable, under 15 U.S.C. § 1635.

**14**. Defendant violated its fiduciary obligations as trustee of the trust corpus by failing to account for the use, securitization, and proceeds derived from Plaintiff's promissory note.

**15**. Defendant's failure to comply with trust and equity principles constitutes a breach of fiduciary duty and unjust enrichment.

**16**. Defendant's actions have caused financial and reputational harm to Plaintiff.

## CAUSES OF ACTION

**COUNT I: Breach of Fiduciary Duty**

**17**. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

**18**. Defendant acted as trustee of the trust corpus established by Plaintiff's promissory note.

**19**. Defendant breached its fiduciary duties by:

   a. Failing to disclose the status and use of the trust corpus;

   b. Failing to account for proceeds derived from the note;

   c. Engaging in self-dealing and unjust enrichment.

**20**. Plaintiff has suffered harm as a result of Defendant's breaches, including financial injury and emotional distress.

**COUNT II: Breach of Contract**

**21**. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

**22**. Plaintiff tendered payment to Defendant to effectuate a full setoff of the alleged obligation, fulfilling Plaintiff's performance under the contract.

**23**. Defendant failed to honor the tender of payment, failed to apply it as a setoff, and failed to perform its obligations under the terms of the agreement.

**24**. Defendant's failure to perform constitutes a material breach of contract, causing financial and reputational harm to Plaintiff.

**COUNT III: Violations of the Fair Credit Billing Act (15 U.S.C. § 1666)**

**25**. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

**26**. Defendant failed to properly address billing disputes raised by Plaintiff, as required under 15 U.S.C. § 1666.

**27**. Defendant improperly reported adverse credit information during an active billing dispute, in violation of 15 U.S.C. § 1666a.

**28**. Plaintiff has suffered financial and reputational harm as a result of Defendant's violations.

**COUNT IV: Violations of the Truth in Lending Act (15 U.S.C. § 1601 et seq.)**

**29**. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

**30**. Defendant violated the Truth in Lending Act by:

   a. Failing to provide accurate disclosures of loan terms under 15 U.S.C. § 1638;

   b. Misapplying or failing to properly credit payments as required under 15 U.S.C. § 1666c;

   c. Failing to resolve billing disputes within the statutory time frame as required under 15 U.S.C. § 1666;

   d. Failing to disclose Plaintiff's right to rescind the loan, if applicable, under 15 U.S.C. § 1635.

**31**. Plaintiff has suffered harm, including financial injury, as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court:**

**1**. Award Plaintiff compensatory damages for financial and reputational harm caused by Defendant's actions;

**2**. Award Plaintiff statutory damages under the Fair Credit Billing Act and Truth in Lending Act;

**3**. Award Plaintiff punitive damages for Defendant's willful violations of federal law;

**4**. Grant injunctive relief to prevent Defendant from repossessing Plaintiff's vehicle and to prohibit further adverse credit reporting related to the disputed loan;

**5**. Award Plaintiff attorneys' fees, costs, and any other relief deemed just and proper by the Court.

**Dated: January 23, 2025**

**Respectfully submitted,**

**Gilberto Benz Puente**

**Plaintiff Pro Se**

**1401 Pershing Blvd**

**Reading, PA 19607**

**814-270-0662**