UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GILBERTO BENZ PUENTE,** : | |
| Plaintiff, : | |
| : | |
| v. : | No. 25-cv-0417 |
| : | |
| **NAVY FEDERAL CREDIT UNION,** : | |
| Defendant. : | |

**O R D E R**

**AND NOW**, this 2nd day of April, 2025, upon consideration of Plaintiff Gilberto Benz Puente's Amended Complaint, ECF No. 6, it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

    a. Puente's federal law claims under TILA, 12 U.S.C. § 5531, 18 U.S.C. § 1348, and the securities fraud provisions (Counts III, V, and VI), and state law claims for breach of contract (Count I), breach of fiduciary duty (Count II), unjust enrichment (Count VII), and violation of UCC 3-501 (Count VIII) are **DISMISSED WITH PREJUDICE**.

    b. Puente's claim under the FCRA (Count IV) is **DISMISSED WITHOUT PREJUDICE**.

2. Puente may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Puente's claims against each defendant and the Court's

jurisdiction. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. When drafting his second amended complaint, Puente should be mindful of the Court's reasons for dismissing the FCRA claim in his Amended Complaint as explained in the Court's Memorandum. Puente may not assert any claim already dismissed with prejudice or any claim that is not warranted by law or factual contentions for which he has evidentiary support. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send Puente a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Puente may use this form to file his second amended complaint if he chooses to do so.

4. If Puente does not wish to further amend and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.[1]

---

[1] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5. If Puente fails to file any response to this Order, the Court will conclude that Puente intends to stand on his Amended Complaint,[2] and will issue a final order dismissing this case.[3]

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373–74 (3d Cir. 2005); *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994))).